# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2010

No. 09-30993
Summary Calendar

Lyle W. Cayce
Clerk

PARIS DITCHARO; EUGENE GALLAND; BRETT MAJORIA, and others similarly situated,

Plaintiffs - Appellants

v.

UNITED PARCEL SERVICE, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3648

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order denying remand. This is also an appeal from the district court's order denying class certification and dismissing the case. For the reasons set forth below, we AFFIRM the district court's orders.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30993

I.

Appellants brought the instant suit after losing their positions as full-time employees for Appellee. Appellants alleged that Appellee promised full-time, permanent, non-seasonal driver positions to them and seventy other people in late 2005, only to terminate them or demote them to part-time or non-driver positions after the 2005-2006 holiday season. Appellants brought claims for breach of contract, detrimental reliance, and relief under the Louisiana law of obligations. Appellants also sought class certification for their claims.

This is the second case in which Appellants Ditcharo and Majoria have brought these claims against Appellee. In the prior case, the plaintiffs filed suit in federal court, alleging essentially the same facts, praying for the same relief, and seeking class certification for the same purported group. *See generally* Order and Reasons, *Majoria et al. v. United Parcel Service, Inc.*, 2:06-CV-11266 (E.D. La. Jan. 17, 2008) (Doc. No. 45) ("Prior Case"). The district court denied class certification in the Prior Case, holding that the plaintiffs failed to sufficiently plead facts to support the required elements of class certification under Federal Rule of Civil Procedure 23. *See id.* at 2-3; FED. R. CIV. P. 23. The court also noted that the plaintiffs failed to plead the citizenship of the parties or the requisite jurisdictional amount necessary for federal diversity jurisdiction. *See* Order and Reasons 3-4. The court also found that the complaint generally appeared to seek a fraud claim but failed to allege with any particularity the facts or circumstances giving rise to fraud, as required by Rule 9(b). *See* FED. R. CIV. P. 9(b). Consequently, the court ordered the plaintiffs to amend their allegations and provide a more definite statement as to their claims. *See* Order and Reasons at 4-5. Rather than do so, however, the plaintiffs moved for dismissal of their entire case without prejudice, arguing that they could not satisfy the amount in controversy necessary for federal diversity jurisdiction. The district court granted the motion to dismiss without prejudice.

2

No. 09-30993

Appellants then filed the instant suit in Louisiana state court. This time, Appellants stated in their complaint and in an attached document that they were specifically seeking damages of less than $75,000 and would not accept any award exceeding that amount. Appellee nonetheless removed the case to district court, citing federal diversity jurisdiction. Appellants moved to remand, arguing again that their claims did not satisfy the requisite amount in controversy for federal diversity jurisdiction of damages exceeding $75,000. However, the district court denied remand, finding both diversity of citizenship and the amount in controversy to be satisfied.

Appellee then moved to dismiss the case or in the alternative moved for a more definite statement. The district court held that, once again, Appellants had failed to adequately allege sufficient facts for class certification. The court further held that Appellants had failed to adequately state a claim under Louisiana law. The court then declined to allow Appellants the opportunity to amend their complaint. Citing the Prior Case, the court noted that Appellants had been given ample opportunity to amend their complaint but had instead chosen to nonsuit their claims and re-file a nearly-identical complaint in state court. When the instant case was removed to federal court and faced with a motion to dismiss, Appellants again failed to move to amend their complaint. The court further noted that the defects in Appellants' claims were not likely to be "easily and quickly remedied" by an amended complaint. Consequently, the court dismissed the case with prejudice.

On appeal, Appellants argue that the district court erred in denying remand for lack of jurisdiction. Appellants also argue that class certification is appropriate and that their complaint adequately states a claim for detrimental reliance.

No. 09-30993

## II.

Appellants first argue that the district court erred when it denied their motion to remand. As the issue of remand concerns whether the district court properly exercised jurisdiction over Appellants' claims, it is the issue we consider before all others. *See, e.g.*, *McDonal v. Abbott Labs.*, 408 F.3d 177, 182-83 (5th Cir. 2005). We review a district court's denial of a motion to remand de novo. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). In the instant case, there is no question that all named Appellants are of diverse citizenship from Appellee. The only issue on appeal is the amount in controversy.

Plaintiffs who file suit in Louisiana state courts are prohibited by law from stating the amount of damages in their complaint. *See* LA. CODE CIV. PROC. ANN. art. 893 A.(1) (2005). Accordingly, to survive a motion to remand, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* at 882-83 (citing *Luckett*, 171 F.3d at 298 (additional cites omitted)). Such facts should be set forth either in the removal petition (the preferred method), or by subsequent affidavit. *See Grant*, 309 F.3d at 868.

In the instant case, Appellee has alleged facts in its notice of removal, and it has included an affidavit setting forth corresponding evidence, that wages and benefits for a new UPS employee for the first eighteen months of employment

4

exceed $75,000.[1]    Based on these submissions, the district court found the amount in controversy requirement satisfied for at least one plaintiff in Appellants' putative class.  While the court noted that statistical evidence may show that few plaintiffs in Appellants' putative class would remain with Appellee for eighteen months, the court found that Appellants had provided no evidence whatsoever regarding the damages sought by other putative class plaintiffs in the class.  Accordingly, the district court saw Appellee's evidence as sufficient to find that "at least one plaintiff's claimed recovery likely exceeds §75,000, exclusive of costs and interest."

Appellants argue that the district court erred in considering lost wages and benefits as potential damages because Appellee hired Appellants and purported class plaintiffs as at-will employees.  *See* LA. CIV. CODE ANN. art. 2747 (2005).[2]  Because Appellants could have been terminated at any time for any reason by Appellee, Appellants argue that they and putative class plaintiffs can only seek consequential damages for Appellee's "fraud in the inducement." However, Appellants never characterized their case as seeking only consequential damages before the district court, nor did they raise Louisiana's at-will statute as a basis for limiting damages before the district court.[3]  Nor have Appellants stated any claim for "fraud in the inducement" in their

---

[1] All the Plaintiffs were allegedly terminated or demoted in December 2005 or January 2006.  The instant suit was brought in June 2008.

[2] "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause." LA. CIV. CODE ANN. art. 2747.

[3] Indeed, as we will explain later, it is unclear how Appellants can assert any claim at all against Appellee that they were unlawfully terminated under the alleged facts, given their concession that they were at-will employees and thus subject to termination at any time.

complaint.[4]  Therefore, we will not consider these arguments raised for the first time on appeal.  *See, e.g., Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 n.3 (5th Cir. 2007) ("It is well settled that we do not consider issues raised for the first time on appeal.").

Looking to the actual language of the complaint, Appellants' allege that they and other unnamed plaintiffs were "denied the benefit of [the] . . . bargain with UPS," which included "holding the status of permanent, non-seasonal drivers with UPS [who] typically enjoy high wages, comprehensive employment benefits and long periods of stable employment."  Nowhere in the complaint do plaintiffs seek to limit their class action to seeking only consequential damages.  Accordingly, inasmuch as Appellants' complaint states a claim for loss of their status as permanent employees, the district court did not err in finding that a class plaintiff would likely seek damages exceeding $75,000.

Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings.  "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, . . . [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000."[5]  *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v.*

---

[4] We note once again that in the Prior Case, the district court ordered Appellants Ditcharo and Majoria to replead any fraud claim that they may have brought, since their prior complaint failed to meet the elements under Rule 9(b).  Rather than do so, however, Appellants moved for dismissal and refiled their case in state court with almost identical allegations.

[5] We have emphasized that this is not a burden-shifting exercise, as "plaintiff must make all information known at the time he files the complaint." *De Aguilar*, 47 F.3d at 1412 (citing *St. Paul Mercury*)).

*Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586 (1938)).  Plaintiffs may attempt to establish such "legal certainty" by submitting a "'binding stipulation or affidavit'" with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.  *See De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).  Appellants have attempted to do so here.[6]

However, inasmuch as these assertions limit Appellants' willingness and ability to accepting an award below the jurisdictional threshold, they do not provide Appellants with the authority to deny other members of their putative class action the right to seek an award greater than $75,000.  *See, e.g., De Aguilar*, 47 F.3d at 1415 (named plaintiffs could not limit recovery to less than the jurisdictional amount because they lacked authority to speak for unidentified plaintiffs); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) ( "[I]t is improbable that Manguno can ethically unilaterally waive the rights of the putative class members to attorney's fees without their authorization.").  Because the district court did not err in finding that unnamed plaintiffs in the class would likely seek damages in excess of $75,000 if this class were certified and the case were to move forward, we hold the district court did not err in denying Appellants motion to remand.[7]

---

[6] Appellants have affirmatively stated in their complaint that they do not seek an award exceeding $75,000.  Appellants also state in their complaint that they will not accept an award exceeding $75,000.  Appellants have signed and attached a "Verification and Certification" to their complaint with similar language.

[7] Because we hold that the district court did not err in finding by a preponderance of the evidence that individual plaintiffs' claims for lost wages and benefits would likely exceed the jurisdictional threshold for federal diversity jurisdiction, we need not consider Appellee's additional argument that Appellants' claims for attorneys fees provide additional damages under Louisiana law that should be considered in determining the amount in controversy.

No. 09-30993

### III.

Appellants next argue that even if the district properly exercised federal jurisdiction over the case, the court nevertheless erred by failing to grant class certification. We review a district court's denial of class certification for abuse of discretion. *See Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007) (citing *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)). "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." *Id.* (quoting *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)) (additional cites and quotes omitted). Because "a court abuses its discretion when it makes an error of law, we apply a de novo standard of review to such errors." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737 (5th Cir. 2003) (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 561 (5th Cir. 2002)).

Parties seeking class certification bear the burden of showing that they meet the four requirements of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* FED. R. CIV. P. 23(a). The parties must then show that they meet the requirements of Rule 23(b). *See* FED. R. CIV. P. 23(b). "The district court must 'conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class.'" *Maldonado*, 493 F.3d at 523 (quoting *O'Sullivan*, 319 F.3d at 738).

In the instant case, the district court held that Appellants "offer[ed] no factual support for their conclusory assertion that they are 'adequate representatives' of the proposed class . . . ." We agree. Appellants' complaint simply states that "they can fairly and adequately protect the interests of the class." However, by specifically attempting to limit the amount of damages available to each member the class, Appellants demonstrate that the potential interests of certain class members – particularly those seeking more than

No. 09-30993

$75,000 in damages – would not be well-represented.  In addition, Appellants have not alleged that all seventy employees were terminated at or even near the same time, making the calculations for each plaintiff's damages an individualized issue of fact.  Indeed, Appellants allege that some plaintiffs were only demoted or changed to non-driver positions, making any issue of damages based on a claim of "detrimental reliance" even more individualized and fact specific.  "Where the plaintiffs' damage claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential exists that the class action may degenerate in practice into multiple lawsuits separately tried.  In such cases, class certification is inappropriate." *O'Sullivan*, 319 F.3d at 744-45 (inner cites and quotes omitted).

Given Appellants' failure to allege facts showing that they could adequately represent the class as a whole, we hold the district court did not abuse its discretion in denying class certification.

IV.

Finally, Appellants argue that even if the court has jurisdiction, and even if class certification was properly denied, the district court erred by dismissing Appellants' case for failure to state a claim.  We review a court's decision to dismiss a case on the pleadings de novo.  *See Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  To survive a motion to dismiss based on a failure to state a claim, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting FED. R. CIV. P. 8(a)(2)).  While the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.,* to survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S. Ct. at 1974.

Appellants only remaining claim is one for detrimental reliance.[8]  "To recover when asserting a cause of action for detrimental reliance, a plaintiff must prove three elements: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance." *Butler v. Sudderth*, 784 So. 2d 125, 131 (La. Ct. App. 2001) (citing *John Bailey Contractor, Inc. v. State DOTD*, 439 So. 2d 1055, 1059 (La. 1983)).

In the instant case, the district court held that Appellants failed to allege any "change in position" in their complaint.  We agree.  Nowhere in the complaint have Appellants alleged facts showing they changed position in reliance on Appellee's promise of permanent employment to their detriment. While Appellants attempt to allege such facts in later submissions to this court and the district court, these allegations are outside our consideration.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 327 (5th Cir. 2002) ("We decline to allow plaintiffs to rely on the contents of their appellate brief as a surrogate for allegations that are missing from their complaint.").

Even if Appellants could show that they materially changed their positions to their detriment in order to accept Appellee's offer of employment, their claims of detrimental reliance still fail.  Appellants do not allege that Appellee failed to hire them, nor do they allege Appellee failed to pay them for the work they

---

[8] Appellants have abandoned their claim for breach of contract by failing to argue it here or before the district court.  Morever, while Appellants cite the "Louisiana law of obligations" in their complaint as a basis for their claim, they make no reference to it in their appellate briefs or in their opposition to Appellee's motion to dismiss before the district court. Accordingly, we consider this issue abandoned as well.  Finally, Appellants raise the Louisiana "abuse of rights doctrine" in their appellate reply brief, but they do not raise it in their original appellate brief or as an issue before the district court.  We will therefore not consider it here. *See Carmona v. Southwest Airlines Co.*, 536 F.3d 344, 347 n.5 (5th Cir. 2008) (noting that "we do not generally consider issues raised for the first time in a reply brief"); *Turner*, 476 F.3d at 344 n.3.

No. 09-30993

performed. Rather, Appellants allege in their complaint that their harms stem from Appellee's promise of *permanent* employment. However, "[a]ny contract for permanent employment is void as against public policy and is unenforceable in Louisiana. Such a contract must be read as having an indefinite term, and is therefore, terminable at will by either party." *May v. Harris Mgmt. Corp.*, 928 So. 2d 140, 146 (La. Ct. App. 2005) (citing, e.g. *Pitcher v. United Oil & Gas Syndicate*, 139 So. 760, 761 (La. 1932)); *see also* LA. CIV. CODE ANN. art. 2747 (2005). Accordingly, any detrimental reliance Appellants may have suffered based on a promise of *permanent* employment is unreasonable as a matter of law. *See May*, 928 So. 2d at 146-147.

We therefore hold that the district court did not err in holding that Appellants failed to state a claim.[9]

AFFIRMED.

---

[9] Appellants also argue that the district court erred in denying them the opportunity to amend their complaint or provide a more definite statement. *See* FED. R. CIV. P. 12(e). We review orders made pursuant to Rule 12(e) for abuse of discretion. *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1220 (5th Cir. 1989). We agree with the district court that the defects in Appellants' claim for detrimental reliance are not likely to be remedied by additional allegations. Moreover, Appellants had ample notice and opportunity to amend their complaint in this suit and in the Prior Case. They declined to do so when faced with a 12(e) order in the Prior Case and have not sought leave of the court to amend in the instant case. We therefore find no abuse of discretion.