Amalia GATES and Carlos
GATES, Plaintiffs,

v.

ALLSTATE TEXAS LLOYD'S,
Defendant.

EP–16–CV–338–PRM

United States District Court,
W.D. Texas, El Paso Division.

Signed 11/16/2016

Cori Ann Harbour–Valdez, The Harbour Law Firm, P.C., El Paso, TX, J. Michael Moore, The Moore Law Firm, McAllen, TX, for Plaintiffs.

Roger D. Higgins, Vanessa A. Rosa, Brandt R. Johnson, Thompson, Coe, Cousins & Irons, Dallas, TX, Sean Carroll White, Kemp Smith, LLP, El Paso, TX, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered the "Report and Recommendation of the Magistrate Judge" (ECF No. 31) [hereinafter R. & R.], filed on October 5, 2016, Plaintiffs Amalia and Carlos Gates' "Objections to Report and Recommendation of Magistrate Judge Regarding Plaintiffs['] Motion to Remand" (ECF No. 33) [hereinafter "Objections"], filed on October 18, 2016, and Defendant Allstate Texas Lloyd's "Response to Plaintiffs' Objections to Report and Recommendation of Magistrate Judge Regarding Plaintiffs' Motion to Remand" (ECF No. 42), filed on October 28, 2016, in the above-captioned cause.

In the R. & R., the Magistrate Judge recommends denying Plaintiffs' "Opposed Motion to Remand and Brief in Support" (ECF No. 14) [hereinafter "Motion"], filed on September 1, 2016, in the above-captioned cause because he determined that

Defendant has "met its burden and established that the amount in controversy exceeded $75,000 at the time of removal." R. & R. 5. Plaintiffs object to the R. & R. on three different grounds. After due consideration, the Court is of the opinion that all of Plaintiffs' objections should be overruled and the R. & R. should be adopted for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a diversity case in which Plaintiffs assert various state law claims against Defendant regarding an insurance claim Plaintiffs made for storm damage to their home. Notice of Removal Ex. B1, at 3, Aug. 2, 2016, ECF No. 2–2 [hereinafter "Removal"]. After Plaintiffs filed the lawsuit in Texas state court on June 23, 2016, Defendant removed the case to federal court on August 2, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 1. Plaintiffs thereafter filed their Motion requesting the Court to remand the case asserting that the amount in controversy is less than the jurisdictional amount required for diversity jurisdiction. Mot. 3–4.

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Determinations

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the R. & R. 28 U.S.C. § 636(b)(1)(C).

The objections to the R. & R. must specifically identify those findings or recommendations that the party wishes to have the district court consider. *Thomas v. Arn,* 474 U.S. 140, 151, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996)). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the R. & R. is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989).

### B. Determining the Appropriate Amount in Controversy

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties." *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331–1332, 1369).

"Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000." *Ditcharo v. United Parcel Serv., Inc.,* 376 Fed.Appx. 432, 436 (5th Cir. 2010) (citing 28 U.S.C. § 1332(a)). Where a state law prohibits plaintiffs from stating the specific amount of damages in their complaint, " 'the removing defendant must

prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.' " *Id.* (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in the controversy that support a finding of the requisite amount." *Gebbia*, 233 F.3d at 882–83. Thus,

> if a defendant in a [state court] suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand [in the state-court complaint] the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.

*Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

█ "Plaintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo*, 376 Fed.Appx. at 436 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

## III. ANALYSIS

█ Plaintiffs assert the following three objections to the R. & R.: (1) the Magistrate Judge erroneously concluded that the Texas Rules of Civil Procedure prohibit a plaintiff from pleading a specific amount of damages that is below $75,000 in a state court petition; (2) the Magistrate Judge erroneously concluded that

there is no Texas law or rule that would prohibit Plaintiffs from recovering more than $75,000; and (3) the Magistrate Judge erred in failing to consider Plaintiffs' post-removal stipulation of damages.

### A. First Objection: Texas Rules of Civil Procedure's Pleading Requirements

In their Motion, Plaintiffs argue that the Court should consider their state-court petition allegation that they seek "only monetary relief aggregating less than $75,000," in determining the appropriate amount in controversy. Mot. 3–4.

The Magistrate Judge determined that "for the purposes of remand analysis, Fifth Circuit precedent accords [Plaintiffs' assertion that they seek only monetary relief of less than $75,000] no weight" because "Plaintiffs violated the Texas civil procedure rules" in asserting a claim for 'less than $75,000' in their petition." R. & R. 4. Specifically, the Magistrate Judge explained that, in a Texas state court petition, a plaintiff must allege that he seeks monetary relief in one of the following categories: "$100,000.00 or less," "$100,000.00 but not more than $200,000.00," "over $200,000.00 but not more than $1,000,000.00," or "over $1,000,000.00." *See id.* (citing Tex. R. Civ. P. 47(c)). The Magistrate Judge relied partly on *De Aguilar v. Boeing Co.*, a Fifth Circuit case, in concluding that Plaintiffs' state-court petition damage allegations should not be considered for purposes of determining the amount in controversy. *See id.* at 3–4 (citing 47 F.3d at 1411–13).

In *De Aguilar*, the plaintiffs, "in apparent violation of Tex. R. Civ. P. 47, described the amount of their claim by specifically alleging that their damages did not exceed $50,000."[1] 47 F.3d at 1407. *De*

---

1. $50,000 was the previous jurisdictional

amount in controversy required to establish

*Aguilar* was decided prior to the 2013 amendments to the Texas Rules of Civil Procedure. Prior to these amendments, Texas Rule of Civil Procedure 47(b) provided the following regarding pleading damages in state court petitions: "An original pleading ... shall contain ... (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court." The Fifth Circuit interpreted this rule to prohibit plaintiffs from "pleading for specific amounts in cases of unliquidated damages." *De Aguilar*, 47 F.3d at 1410. Thus, the Fifth Circuit ultimately held that "a plaintiff, in a case for unliquidated damages, cannot, absent a further showing, avoid removal by pleading for damages under the jurisdictional amount where a state rule prevents such pleading." *Id.* at 1413. The Magistrate Judge in this case relied upon this holding in disregarding the damage amount Plaintiffs alleged in their state court petition. *See* R. & R. 3–4 (citing *De Aguilar*, 47 F.3d at 1413).

Plaintiffs object to the Magistrate Judge's reliance on *De Aguilar* in concluding that they violated the Texas Rules of Civil Procedure. Objs. 1, 3. Namely, Plaintiffs contend that "since the *De Aguilar* Fifth Circuit decision, ... Texas Rules of Civil Procedure 47(b) and (c) were amended to allow a [p]laintiff to specifically plead an amount less than $100,000." *Id.* at 3. Thus, Plaintiffs reiterate that "[t]here is no current Texas state rule prohibiting Plaintiff[s] from pleading or specifying an amount less than $75,000 in an original state court complaint." *Id.* Ultimately, Plaintiffs assert that since Defendant "rejected Plaintiff(s) pre-suit demand," Plaintiffs filed their state court petition "in 'good faith' based upon its [sic] re-evaluation of the claim and for the purpose of

availing itself [sic] of the Expedited Actions Process promulgated by the Texas Supreme Court in 2013." *Id.* at 4.

Plaintiffs argue that the Texas Rules of Civil Procedure now allow them to plead a specific monetary amount of damages and do not limit them to pleading the different specified categories of ranges as the Magistrate Judge suggests. *Id.* at 5–6. In particular, Plaintiffs highlight the fact that the Texas Supreme Court omitted the phrase "in all claims for unliquidated damages only." *Id.* at 5. Now, Plaintiffs contend, a state-court plaintiff must provide "a statement that the damages sought are within the jurisdictional limits of the court"; and

(c) a statement that the party seeks:

 (1) only monetary relief of $100,000 or less .... or

 (2) monetary relief of $100,000 or less and non-monetary relief; or

 (3) monetary relief over $100,000 but not more than $200,000; or

 (4) monetary relief over $200,000 but not more than $1,000,00; or

 (5) monetary relief over $1,000,000

*See id.* at 5 (citing Tex. R. Civ. P. 47). Namely, Plaintiffs argue that this new provision "does not state that a claimant 'in liquidated damages cases can only plead a range of '$100,000.00 or less,' but purposely allows pleading of an amount for all damages of $100,000.00 or less." *Id.* at 6.

The Court finds Plaintiffs' arguments regarding the newly amended Texas Rule 47 unpersuasive. The plain language of the rule requires that Texas state court plaintiffs provide a statement detailing the range of damages that they seek. *See* Tex. R. Civ. P. 47. Whereas previously, a state-court plaintiff alleging claims for unliquidated damages was required to "only" in-

---

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Section 1332 was later amended to

require that the amount in controversy exceed $75,000.

clude a "statement that the monetary relief sought was within the jurisdictional limits of the court," the newly amended rule provides that in all cases, the plaintiff must plead the monetary ranges set forth in the rule. *See id.*

Plaintiffs make much of the fact that the words "only" and "in all claims for unliquidated damages" have been omitted but fail to clearly articulate how these omissions demand the result that they seek. *See* Objs. 4–7 (bold font omitted). These omissions, solely indicate the following: (1) the rule now applies to both plaintiffs asserting claims for liquidated damages and those asserting claims for unliquidated damages; and (2) plaintiffs now must not only provide a statement that they seek monetary relief within the court's jurisdictional limits, but must also provide a statement that they seek monetary relief in the form of one of the five categories specified in the rule. *See* Tex. R. Civ. P. 47.

Plaintiffs also point to the new language in the statute, which provides that plaintiffs may seek "monetary relief of $100,000 *or less*" in arguing that they may plead a specific amount less than $100,000. Objs. 6–7. Yet, Plaintiffs fail to take into account the sentence that precedes and therefore applies to all of the ranges set forth in 47(c): "An original pleading ... shall contain ... a *statement* that the party seeks ... only monetary relief of $100,000 or less." Tex. R. Civ. P. 47 (c) (emphasis added). The plain reading of this language is that plaintiffs must provide a "statement"—not an amount—and that "statement" must be that the plaintiff seeks one of the five ranges set forth in Rule 47(c). *See id.* In sum, there is no doubt that Texas state-court plaintiffs may seek less than $100,000. *Id.* However, Rule 47(c) requires that plaintiffs provide a statement

that they seek monetary relief in the form of one of the five prescribed categories. *Id.*

Moreover, Plaintiffs' reading of Rule 47 renders all of subsection (c) meaningless, which violates the surplusage cannon of statutory construction. *See TRW Inc. v. Andrews*, 534 U.S. 19, 32, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant .... We are reluctant to treat statutory terms as surplusage in any setting."). If plaintiffs were allowed plead a specific amount of damages, or if they were allowed to plead damages for an amount "aggregating less than $75,000," there would be no need to include the ranges that are set forth in subsection (c). Instead, the Texas Supreme Court could have easily adopted a rule that simply states that plaintiffs must plead the amount of damages they seek to recover. *Cf.* Cal. Civ. P. Code § 425.10(a)(2) ("If the recovery of money or damages is demanded, the amount demanded shall be stated."). Yet, the Texas Supreme Court elected not do so—rather, it mandated that plaintiffs provide a statement that the damages they seek are one of five ranges that the Texas Supreme Court purposely incorporated into the statute.

Finally, while the Fifth Circuit has not addressed whether Texas plaintiffs may plead a specific amount of damages since the 2013 amendments, several district courts have; these courts have concluded that the newly amended Rule 47 similarly prohibits pleading a specific amount of damages rather than the prescribed ranges. *See, e.g., Martinez v. Allstate Tex. Lloyds,* No. 7:16–CV–00494, 2016 WL 6122728, at *1 (S.D. Tex. Oct. 20, 2016) ("Texas Rule of Civil Procedure 47 currently prohibits plaintiffs from pleading a

specific amount.") (analyzing the current, post-2013 amendment Rule 47); *Chavez v. State Farm Lloyds*, Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("[W]hile it is true that [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000.") (citing current version of Tex. R. Civ. P. 47)); *Ford v. United Parcel Serv., Inc.*, No. 3:14–CV–1872–D, 2014 WL 6491446, at *7 (N.D. Tex. Nov. 20, 2014) [hereinafter *"Ford II"*] ("And although [the plaintiff's] assertion that revised Rule 47(c) permits her to plead a specific amount rather than a range seems to run directly counter to the Rule's mandatory terms, the court is bound by *De Aguilar*, the law of this circuit, unless and until it is changed. Accordingly, the court stands by its conclusion that the sum claimed by [the plaintiff] [i.e. damages of $74,000] was not made in good faith.); *Wilson v. Hibu Inc.*, Civ. A. No. 3:13–CV–2012–L, 2013 WL 5803816, at *5–6 (N.D. Tex. Oct. 28, 2013) ("[The] [p]laintiff believes that … rule [47] provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less. Had [the] [p]laintiff properly followed Rule 47, she would not have included the "$75,000 or less" language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks.") (similarly analyzing the current, post-2013 Rule 47).

Consequently, the Court finds that the Magistrate Judge's decision to disregard Plaintiffs' pleading for "only monetary relief aggregating less than $75,000" because it violated Rule 47 and was made in bad faith is correct. *See* R. & R. 4. The Court overrules Plaintiffs' first objection.

## B. Second Objection: Limitation of Recovery

The Magistrate Judge also determined that Plaintiffs did not meet their burden of demonstrating that "as a matter of law, it is certain that [they] will not be able to recover more than the damages for which [they have] prayed in the state court complaint." R. & R. 3 (citing *De Aguilar*, 47 F.3d at 1411). Namely, the Magistrate Judge noted that "there is no Texas law or rule that would prevent Plaintiffs, if in state court, from seeking or recovering more than the $74,999.99 limit they ostensibly self-impose in their petition." *Id.* at 4.

Plaintiffs object to this conclusion and argue the following:

> This is clearly an erroneous statement of law for the reason that in Texas, statements in pleadings are treated as judicial admissions binding on the party and under the 2013 Amendment to Rule 47(b) and (c)(1) … a statement made in an original complaint that the plaintiff seeks only damages of a specified amount less than $100,000.00 under Rule 47(c)(1), prevents a [p]laintiff from recovering a judgment in excess of that amount.

Objs. 8 (citing Tex. R. Civ. P. 169(c)).

Plaintiffs further argue that "under Texas Law, the Plaintiff's [sic] Original Petition on file at the time of removal this case unambiguously bound Plaintiff [sic] by judicial admission to a recovery of less than $75,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment and attorney fees." *Id.* (bold and italics omitted).

In their state-court petition, Plaintiffs did allege that they sought "only monetary relief aggregating less than $75,000" and pleaded that their suit fell into the expedited actions process pursuant to Rules 47(c)(1) and 169. Removal Ex. B1, at 1–2.

Rule 169 provides that "[t]he expedited actions process in this rule applies to a suit in which all claimants ... affirmatively plead that they seek only monetary relief aggregating $100,000." Tex. R. Civ. P. 169. Rule 169 further states that "[i]n no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding post-judgment interest." *Id.*

However, despite Rule 169's limit of recovery and despite Plaintiffs' allegations in their state court petition, Plaintiffs have failed to demonstrate, as a matter of law, that they would be precluded from recovering more than $75,000; nor have they shown that they are bound to this amount by way of judicial admission.

As Defendant highlights in its Sur–Reply, a sister district court in the Northern District of Texas decided the same issue in a similar case and determined that the plaintiff was not bound by the amount pleaded in her state court petition. *See* Sur–Reply to Pls.' Opposed Mot. Remand 3, Oct. 4, 2016, ECF No. 30 (citing *Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) [hereinafter "*Ford I*"]. The *Ford I* court analyzed the plaintiff's similar argument that the statements in her petition that "she [sought] an amount 'not to exceed $74,000' " were "binding stipulations" and rejected it. *Ford I*, 2014 WL 4105965, at *3. Namely, the *Ford I* court relied on a Texas Supreme Court case explaining the following:

> It is the general rule that the pleadings in a particular case ... are to be regarded as judicial admissions .... It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, *and therefore ceases to be a judicial admission.*

*See id.* at 4 (citing *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726, 729 (1941)) (emphasis added).

Thus, the *Ford I* court determined that while "the allegations of [the plaintiff's] petition [were] binding judicial admissions for the time being, they [would] cease to be 'conclusive and undisputable judicial admissions' if she cho[se] to amend or supersede her petition, as the Texas rules g[ave] her considerable latitude to do." *Id.*

The Court agrees with the *Ford I* court's and the Magistrate Judge's analysis. No Texas rule would preclude Plaintiffs from amending their complaint to allege and recover an amount that exceeds $75,000. In fact, Plaintiffs reserved their right to amend their petition and the Texas Rules of Civil Procedure expressly contemplate and allow such amendments. *See* Removal Ex. B1, at 17 ("Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues"); Tex. R. Civ. P. 63 ("Parties may amend their pleadings ... by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party ....").

Additionally, it is of no consequence that Rule 169 limits recovery to $100,000 for parties, such as Plaintiffs, who plead into the expedited actions process: Rule 169 nevertheless does not preclude Plaintiffs from amending their petition to assert an amount of damages greater than $75,000 but less than $100,000. Nor does it prohibit Plaintiffs recovering an amount greater than $75,000 but less than $100,000. Moreover, as Defendant submits, "Rule 169(c) explicitly permits a party to remove its suit from the expedited actions process upon a motion and showing of good cause, which would therefore circumvent the $100,000 cap on recovery imposed by Rule 169(b)." *See* Resp. 4 (citing Tex. R. Civ. P. 169).

Thus, Plaintiffs are not "bound" to this amount as a "judicial admission" as they suggest. *See De Aguilar*, 47 F.3d at 1410 ("The majority of states now, however have followed the example of [the federal rules] and do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading. In fact, many states, like Texas, have enacted rules that strictly prohibit plaintiffs from pleading for specific amounts ...."); *see also Grant*, 309 F.3d at 869 ("The category of state laws that the *De Aguilar* panel appears to have had in mind are those embodying the familiar maxim that a court may award more in damages than the plaintiff demands. This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded.").

Ultimately, "[b]ecause the allegations of [Plaintiffs'] petition are only binding judicial admissions so long as they are not amended or superseded, they are not sufficient to constitute the kind of 'binding stipulation or affidavit' necessary to preclude removal." *Id.; see also Vielma v. ACC Holding, Inc.*, EP–12–CV–501–KC, 2013 WL 3367494, at *6 (W.D. Tex. Apr. 16, 2013) ("Nor does the statement in [the] [p]laintiff's Original Petition [that the maximum amount of damages sought did not exceed $75,000] constitute a binding stipu-

lation or affidavit that might have defeated this [c]ourt's diversity jurisdiction.").

Plaintiffs rely on *Richard v. Time Warner Cable Media, Inc. and Iconma, LLC*[2] —another district court case originating in the Northern District of Texas—which holds the opposite of the *Ford I* decision to support their argument that they are bound by the damages they alleged in their state court petition because they are a judicial admission. *See* Objs. 9 (citing 960 F.Supp.2d 659, 661 (N.D. Tex. 2013)). In *Richard*, the plaintiff alleged in his state-court petition that he sought judgment "not to exceed $74,000.00," that "the amount in controversy ... does not exceed $74,000.00," and that he "affirmatively limit[s] his potential recovery accordingly." 960 F.Supp.2d at 662 (bold font and italics removed). The *Richard* court held that "such stipulations limiting [the plaintiff's] recovery b[ound] him and defeat[ed] diversity jurisdiction." *Id.*

The Court respectfully disagrees with the *Richard* holding for two reasons: (1) as stated above, the Texas Rules of Civil Procedure allow amendments to pleadings such that a petition alleging that a plaintiff will not seek recovery over a certain amount is not binding; and (2) the *Richard* court did not correctly apply Fifth Circuit precedent regarding the proper

---

**2.** Plaintiffs also rely on the following cases, which are distinguishable from the instant case: *Ware v. Wells Fargo Bank, N.A.*, 116 F.Supp.3d 737, 741 (N.D. Tex. 2015) (holding that "the statements in [the plaintiff's] Original Petition, *along with the sworn declaration attached to her Original Petition stating that she would not accept a judgment or recovery greater than $74,000*, were sufficient to bind [the plaintiff] to a recovery of no more than $74,000") (emphasis added); *Washington–Thomas v. Dial Am. Mktg., Inc.*, No. EP–12–CV–00340–DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012) (similarly holding that the statements in the plaintiff's petition *and binding stipulation/sworn affidavit at-*

*tached to her petition* asserting that the amount in controversy was less than or equal to $74,999.00 *and that the plaintiff would not accept damages greater than $74,999.00* was sufficient to bind her and defeat diversity jurisdiction); *Wright v. Normandy Terrace Healthcare and Rehabilitation Ctr.*, No. SA–12–CA–0622–XR, 2012 WL 2979040, at *2 (W.D.Tex. 2012) (holding that the "stipulation," included in the plaintiff's petition that the maximum amount of damages sought *or that would be accepted* would not exceed $75,000 exclusive of costs and interest bound the plaintiff and was sufficient to defeat diversity jurisdiction).

manner in which Plaintiffs can avoid federal diversity jurisdiction and thus removal.

Because the first reason for the Court's disagreement with *Richard* has fully been addressed above, the Court will next discuss the second point of disagreement. The Fifth Circuit has explained the following regarding Plaintiffs' "legal certainty" burden:

> [The] [p]laintiff's "legal certainty" obligation might be met in various ways; we can only speculate, without intimating how we might rule in such case. [The] [p]laintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. *Absent such a statute, '[l]itigants who want to prevent removal must file a binding stipulation or affidavit **with** their complaints ....'*

*De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)) (emphasis added).

 The Court in *De Aguilar* makes clear that, absent a state statute or rule prohibiting plaintiffs from recovering more than initially pleaded in their original complaint,[3] plaintiffs must file a *binding stipulation with* their complaint that they will not accept a sum of damages exceeding $75,000 to avoid federal diversity jurisdiction—not an *allegation within* their complaint that they seek only monetary relief of less than $75,000. *See id.*; *see also Ford II*, 2014 WL 6491446, at *6 ("[T]he law of this circuit is that a Texas plaintiff may not rely on the allegations of her state court petition alone to meet the legal certainty test when the sum claimed in the petition is not pleaded in good faith ...."). Consequently, the Court disagrees with the *Richard* court's conclusion that a plaintiff's allegations, within their state-court petition, that they only seek monetary relief below the jurisdictional threshold are sufficient to bind him and defeat diversity jurisdiction.

 Here, not only did Plaintiffs fail to timely file a binding stipulation along with their original petition, but they also failed to assert in the stipulation they purportedly included within their petition that they would not accept an award exceeding the jurisdictional threshold, as the Fifth Circuit has required. *See Ditcharo*, 376 Fed. Appx. at 436; *see also Wear v. Am. Time Mfg. Ltd.*, No. SA–12–CV–763–XR, 2012 WL 6629603, at *2 (W.D. Tex. Dec. 19, 2012) ("[The] [p]laintiff's pleading statement [that the plaintiff sought monetary relief aggregating less than $75,000] is nonetheless insufficient to defeat jurisdiction in this case because [this] statement

3. Plaintiffs argue that "Rule 47, when all provisions are read in harmony with the other provisions under consideration, allows a plaintiff to plead a specific amount less than $100,000.00, and such a statement effects the Plaintiff's substantive rights to the extent that the amount asserted limits recovery to the amount pleaded." Objs. 7. However, the Court finds that Plaintiffs are incorrect in their interpretation of Rules 47 and 169. As the Court has already explained, nothing in the Texas Rules of Civil Procedure prohibits Plaintiffs from amending their petition, if their request is timely made. While Plaintiffs are correct that Rule 47(c)(1), in conjunction with Rule 169, may affect a plaintiff's substantive rights in that a plaintiff would be limited to recovering $100,000 if he chooses to plead into the expedited actions process, this does not prohibit a plaintiff from recovering more than the amount pleaded in any number of scenarios—e.g., if a plaintiff amends his petition to plead out of the expedited actions process, or if he pleads any amount below $100,000, then subsequently amends his petition to plead a different amount that is still below $100,000. In those scenarios, a plaintiff would not be bound to recover the amount pleaded in his original petition.

does not indicate whether [the] [p]laintiff would *accept* an award in excess of $75,000.").

Thus, the Court agrees with the Magistrate Judge's conclusion that no Texas law would prohibit Plaintiffs from recovering more than $75,000, as well as the Magistrate Judge's further determination that Plaintiffs have failed to meet their "legal certainty" burden. *See Vielma,* 2013 WL 3367494, at *6 n.4 ("[T]hese new rules of Texas civil procedure [Rules 47 and 169] do not create any 'legal certainty' regarding the maximum amount that could eventually be recovered in a Texas lawsuit based on the amount identified in the initial pleading."). The Court overrules Plaintiffs' second objection.

### C. Third Objection: Post–Removal Stipulations

▮ . The Magistrate Judge also did not consider the post-removal stipulation damages that Plaintiffs filed in considering the amount in controversy:

> Plaintiffs also rely on their *post-removal* stipulation of damages in which they purport to forgo any damage award in excess of $74,999 ... it was untimely filed, however, because any post-removal stipulation cannot defeat jurisdiction. The Fifth Circuit has made clear that "once a defendant has removed the case ... later filings [are] irrelevant."

R. & R. 5 (citing *De Aguilar,* 47 F.3d at 1412).

Plaintiffs object and argue that the Magistrate Judge should have considered their post-removal stipulation. Objs. 10–11. Plaintiffs rely on the Fifth Circuit case *Gebbia v. Wal–Mart Stores, Inc.,* to support their objection. *See id.* (citing 233 F.3d at 883). *Gebbia* held that "post-removal affidavits may be considered in determining the amount in controversy at the time removal" but *"only if the basis for*

*jurisdiction is ambiguous at the time of removal."* 233 F.3d at 883 (emphasis added). In *Gebbia,* the plaintiff originally filed her complaint in Louisiana state court but failed to allege a specific amount of damages because Louisiana civil rules, similar to the Texas Rules of Civil Procedure, preclude a plaintiff from doing so. *Id.* at 881. The Fifth Circuit held that "the district court properly disregarded [the] [p]laintiff's post-removal stipulation for damages less than $75,000" and that "such affidavit and stipulation did not divest the district court's jurisdiction" because it was "facially apparent" from the plaintiff's petition that the claimed damages exceeded $75,000. *Id.* at 883.

Here, the Magistrate Judge determined that the amount in controversy unambiguously exceeded $75,000 at the time of removal based on the claims asserted in Plaintiffs' petition and their pre-suit demand letter. *See* R. & R. 3 ("[T]here can be no argument that at the time of removal Allstate established the requisite amount in controversy"). As outlined in Section III.A *supra,* the Magistrate Judge properly disregarded Plaintiffs' state-court petition allegations that they sought monetary relief aggregating to less than $75,000. Disregarding this allegation, the Court agrees with the Magistrate Judge that it is facially apparent from Plaintiffs' petition, along with their pre-suit demand letter, that the amount in controversy exceeds $75,000.

Having properly concluded that the amount in controversy was unambiguous at the time of removal, the Magistrate Judge properly disregarded Plaintiffs' post-removal stipulation. Therefore, Plaintiffs' third objection is overruled.

### IV. CONCLUSION

In sum, the Court agrees with the Magistrate Judge's determination that "Plain-

tiffs' assertion of a $74,999.00 damages cap in their petition violated the Texas rules, and ... was designed to avoid removal." *See* R. & R. at 4; *see also De Aguilar*, 47 F.3d at 1408 ("As a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as [$74,999] or merely announce a ceiling that, conveniently, is barely within the statutory limit."). Because Plaintiffs' "cause[s] of action and the relief actually sought clearly involve a controversy in excess of the required [jurisdictional] amount, removal is not defeated by [their] monetary prayer for less than the amount." *Id.* at 1410 (internal quotation marks and citations omitted).

Plaintiffs could have avoided federal jurisdiction by filing a binding *stipulation* of damages—stating that they would not accept an award greater than the jurisdictional threshold—along with their state-court petition; instead, Plaintiffs only *alleged* within their petition that they sought damages below the jurisdictional threshold. *See id.* at 1412; *Ditcharo*, 376 Fed. Appx. at 436. Plaintiffs purposely waited until after the Defendants removed the case to file their stipulation. "This makes [their] tactics suspect and smacks of legal legerdemain, a practice cited with disapproval by the Fifth Circuit." *See Wilson v. Hibu Inc.*, No. 3:13–CV–2012–L, 2013 WL 5803816, at *6 (N.D. Tex. Oct. 28, 2013) (similarly denying remand where plaintiff pleaded monetary relief below jurisdictional threshold but failed to file stipulation until after removal). "Such manipulation is surely characterized as bad faith." *See De Aguilar*, 47 F.3d at 1410.

Accordingly, **IT IS ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 31) is **APPROVED AND ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiffs Amalia and Carlos Gates' "Opposed Motion to Remand and Brief in Support" (ECF No. 14) is **DENIED.**